# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA INTERSTATE CONSTRUCTION, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CRUM & FORSTER SPECIALTY INSURANCE COMPANY, INC., <br><br> Defendants, | Case No. 3:14-cv-00126-RRB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT AND DENYING DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE** |

Plaintiff Alaska Interstate Construction, LLC ("AIC") filed a Motion for Default of Award of Attorney's Fees at **Docket 91**. Defendant Crum & Forster Specialty Insurance Company, Inc. ("C&F") filed a related Motion for Enlargement of Time to File at **Docket 93.**

On November 17, 2015, the Court granted summary judgment against Plaintiff AIC, finding that the relevant insurance policy issued by Defendant C&F did not provide coverage in relation to a lawsuit filed against AIC arising out of a soil remediation project on the North Slope of Alaska.[1] The Court entered final judgment on December 9, 2015.[2] In accordance with Federal Rule of Civil Procedure 54(d)(2)(B)(1), a motion seeking attorney fees by the prevailing party, C&F, needed to be filed on or before December 23, 2015. AIC filed a Motion for Default of Award of Attorney's Fees at Docket 91 on January 25, 2016, when no motion from C&F seeking attorney

---

[1] Docket 85.
[2] Docket 86.

fees had yet been filed. C&F responded on January 27, 2016, by first filing a Motion for Enlargement of Time at Docket 93.

C&F's counsel, Teri Rutledge, admits to missing entry of Judgment at Docket 86, but was unable to identify a specific cause for missing service other than distraction due to a family medical situation. Docket 94 at 2. Additionally, Ms. Rutledge's assistant also did not record the entry of judgment into their calendaring system. According to C&F, they did not become aware of the failure to timely file any motion for attorney's fees or bill of costs until receiving AIC's Motion for Default on January 25, 2016.

## Analysis

The 14 day time limit set forth under FRCP 54 has been strictly construed.[3] However, C&F asserts that it was "excusable neglect" under Rule 6(b)(1)(B) that led to the failure to timely file the motion seeking attorney fees.[4] The Supreme Court has outlined factors to be considered in a claim of excusable neglect necessitating an enlargement of time to file: (1) danger of prejudice, (2) length of delay and potential impact, (3) reason for the delay, and (4) whether the party acted in good faith.[5] Nevertheless, the Court is also clear that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect."[6] While what precisely

---

[3] *See Committee for Idaho's High Desert v. Yost*, 92 F.3d 814, 824-825 (9th Cir. 1996); *Kyle v. Campbell Soup Company*, 28 F.3d 928, 931-932 (9th Cir. 1994).

[4] Fed. R. Civ. Proc.

[5] *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395, 113 S. Ct. 1489, 1498 (1993). *See also Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010); *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 (9th Cir. 1996) (holding the *Pioneer* equitable test as applicable to Rule 6(b)).

[6] *Pioneer*, 507 U.S. at 392, 113 S. Ct. at 1496.

constitutes excusable neglect is a somewhat "elastic concept," ultimately whether to allow an enlargement of time to file is within the Court's discretion.[7]

In making an equitable determination as to whether C&F's neglect in timely filing a motion seeking attorney fees and a bill of costs was "excusable," the Court begins with the factors outlined in *Pioneer*.

 1.  **Danger of Prejudice**

It is unclear if there is any particular danger of prejudice in the matter. C&F asserts that the appeal of the Court's summary judgment in this matter will continue on for some time and the five week delay in filing the motion for attorney fees and costs is incidental and does not prejudice AIC in the appeal proceedings which have not actually begun. However, AIC feels it would be prejudiced as it put C&F on notice of the failure to seek attorney fees and that the issue of attorney fees are important in light of the settlement assessment conference on February 22, 2016. Although there may be some prejudice to AIC, the "danger" of this prejudice is not so great as to warrant the neglect as inexcusable.

 2.  **Length of Delay**

The length of delay at issue here is not insignificant. Not only had over a month passed since the filing deadline, but C&F's motion for enlargement of time to file came only after AIC filed their motion for default of attorney fees. There is no telling when C&F would finally have taken action seeking attorney fees and costs had AIC itself not taken actions to address the matter. This factor weighs in favor of AIC.

---

[7] *Id.; see also Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 896-98, 110 S. Ct. 3177, 3192-93 (1990).

### 3. Reason for Delay

C&F does not point to any specific reason for the delay in filing its motion for attorney fees and a bill of costs. While C&F suggests that Ms. Rutledge was the attorney in charge of the daily management of the case, that does not excuse the inaction on the part of C&F's other attorneys. The Court notes that there were—at the time final judgment was entered—five attorneys of record, from two separate law firms in three different states representing C&F, not to mention the numerous paralegals and support staff likely in each office. The fact that no action was taken with regard to seeking attorney fees until AIC addressed the issue weighs squarely in favor of AIC.

### 4. Good Faith

There is no evidence, nor does AIC make any indication of bad faith on the part of C&F in seeking an enlargement of time to file a motion for attorneys' fees and bill of costs. This *Pioneer* factor weighs in favor of C&F.

The fact that it was AIC that alerted C&F to its neglect, along with the number of subsequent events related to the appeal that occurred, together with the amount of time and number of C&F attorneys involved weighs heavily on the Court's evaluation of the issue. Considering the *Pioneer* factors, along with the other attendant facts and issues raised by the parties in their filings, the Court finds that C&F's neglect in timely filing their motion seeking attorney fees and a bill of costs was not excusable.

////

////

For the above reasons, AIC's Motion for Default of Award of Attorney's Fees at **Docket 91** is **GRANTED**. Consequently, Defendant C&F's related Motion for Enlargement of Time to File seeking attorney fees and costs at **Docket 93** is **DENIED.**

**IT IS SO ORDERED** this 18th day of February, 2016.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE